NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JAMES BARNES,<br><br>        Plaintiff,<br><br>        v.<br><br>ATIA BERRYMAN, *et al.*,<br><br>        Defendants. | Civil Action No. 25-15887 (MAS) (JBD)<br><br>**OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Plaintiff James Barnes's ("Plaintiff") Second Amended Complaint (the "SAC").[1] (ECF No. 14) As Plaintiff has now paid the applicable filing fee and is a prisoner bringing suit against state employees, the Court is required to screen Plaintiff's SAC pursuant to 28 U.S.C. § 1915A and dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's SAC shall be dismissed without prejudice in its entirety for failure to state a claim upon which relief may be granted.

---

[1] Plaintiff filed his original complaint in September 2025 but did not initially pay the applicable filing fee. (*See* ECF No. 1.) He thereafter filed an amended complaint in October 2025 but again failed to pay the fee or file a proper *in forma pauperis* application. The Court, therefore, administratively terminated the matter pending the payment of the fee or the filing of a complete *in forma pauperis* application. (ECF Nos. 3-4.) Plaintiff paid the fee in December 2025 and subsequently filed his SAC. (ECF Docket Sheet.) Thus, although this is Plaintiff's SAC, the Court has not previously screened the previous complaints on the merits.

## I.    BACKGROUND

Plaintiff is a convicted state prisoner currently detained in New Jersey State Prison ("NJSP"). (ECF No. 14 at 3.) On June 5, 2025, while he was imprisoned in the Harbor House facility, Plaintiff was charged with fighting in violation of the halfway house's rules and transferred to NJSP to face disciplinary proceedings. (*Id.* at 4.) According to Plaintiff, his original cell was "condemned" and had feces on the door and walls. (*Id.* at 4-5.) Plaintiff was thereafter moved to another cell. (*Id.* at 4.) On June 10, 2025, a prison disciplinary hearing was held before Defendant Christina Gonzales ("Gonzales"), a prison disciplinary hearing officer. (*Id.* at 4-6.) Plaintiff contends that this proceeding denied him due process because it was held without his direct presence. (*Id.*) Following the hearing, Plaintiff was found guilty of the fighting infraction and was punished with 365 days in a restrictive housing unit, a loss of commutation credits, loss of phone privileges, loss of tablet/kiosk access for thirty days, and a loss of access to the prison canteen and recreation facilities. (ECF No. 14-1 at 1.) Plaintiff appealed, but his disciplinary finding was upheld by Defendant Berryman ("Berryman"), the assistant administrator of NJSP, who Plaintiff alleges "alter[ed] appeals papers" in upholding the guilty finding. (ECF No. 1 at 3-4.)

In addition to the two Defendants Plaintiff names as involved in his disciplinary proceedings, Plaintiff names as Defendants Marc Sim and T. McMillen, prison staff whose roles are not clear from the SAC, but to whom Plaintiff allegedly "reached out" to find out why he was placed in a "condemned cell" and not taken to his court proceedings. (*Id.* at 5.) Plaintiff also states that he reached out to Gonzales and Berryman about these issues. (*Id.*) Plaintiff does not describe in detail these communications, or the means through which he "reached out" to Defendants about his cell conditions or Due Process concerns aside from an administrative appeal of his disciplinary proceedings. (*Id.*)

2

## II.    **LEGAL STANDARD**

Because Plaintiff is a prisoner who seeks redress from employees of governmental entities, the Court is required to screen his SAC pursuant to 28 U.S.C. § 1915A. Pursuant to the statute, the Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A is "identical to the legal standard employed in ruling on [Rule] 12(b)(6) motions." *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the

3

line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III.    DISCUSSION

In his SAC, Plaintiff raises two claims pursuant to 42 U.S.C. § 1983. First, Plaintiff asserts that Berryman and Gonzales violated his Due Process rights in his prison disciplinary proceedings by holding the hearing in absentia and by altering appeal documents. Second, Plaintiff asserts that all four Defendants should be liable to him because he was allegedly subjected to unconstitutional conditions of confinement when he was placed in a "condemned cell."

Turning first to the Due Process claim, Plaintiff does not allege that his disciplinary guilty finding has ever been overturned, and that guilty finding resulted in, *inter alia*, the loss of commutation credits. In *Heck v. Humphries*, 512 U.S. 477 (1994), the Supreme Court held that a civil rights action will not lie where that action impugns the fact or length of a detention, regardless of whether the plaintiff seeks to invalidate his sentence or merely seeks money damages, unless and until the detention has been invalidated, such as by having the conviction or disciplinary proceeding overturned. Thus, a federal civil rights action "will not lie when a state prisoner challenges the fact or duration of his confinement," seeks the shortening of his term of imprisonment, or raises a claim the success of which would undermine the validity of his term of imprisonment or its length. *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005).

Where a prisoner seeks to raise Due Process challenges to a prison disciplinary proceeding that altered the length of a conviction through the loss of commutation credits, the suit "is barred . . . no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit . . . [because] success in [this] action would necessarily" impugn the validity of the length of

his term of imprisonment by undermining the lost credits unless and until the prisoner has his disciplinary proceedings invalidated through state proceedings or a habeas petition. *Id.* at 81-82. Because Plaintiff's Due Process claim directly impugns the validity of his resulting guilty finding and loss of credits, his Due Process claim is barred until Plaintiff successfully has the guilty finding invalidated. Plaintiff's Due Process claim must therefore be dismissed without prejudice at this time.

Plaintiff also seeks to raise a conditions of confinement claim against all of the named Defendants related to his placement in a "condemned" cell with feces on the walls. In making the claim, however, Plaintiff admits that he was transferred out of that cell and placed in another one. In addition, Plaintiff does not detail the length of time he spent in these conditions, or how each Defendant was directly involved in imposing or failing to correct those conditions other than stating that he "reached out" to them.

A defendant in a civil rights proceeding cannot be held liable for the failings of his subordinates and instead must have personal involvement in the alleged wrong. *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988). Supervisory defendants are thus generally only liable if they were directly involved in wrongful deeds, had actual knowledge of and acquiesced in the deeds of their subordinates, or created a policy or custom that was the moving force behind the alleged wrong. *Chavarriaga*, 806 F.3d at 222; *see also Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). That a defendant reviewed a letter or grievance submitted by a plaintiff is generally insufficient to show the level of actual knowledge necessary to demonstrate personal involvement in allegedly unconstitutional conditions of confinement. *See, e.g., Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020).

Here, Plaintiff does not allege facts indicating that any of the four named Defendants were directly responsible for his placement in the cell in question. Furthermore, Plaintiff does not allege facts that would, if proven, clearly show that the four named Defendants were aware of the conditions, had the ability to transfer Plaintiff or correct the conditions, and failed to take action. At most, Plaintiff asserts that he filed grievances or sent letters requesting help. Plaintiff's allegations are insufficient to demonstrate Defendants' personal involvement in the alleged conditions. *Id.* Without further factual allegations detailing how each named Defendant knew of and failed to correct Plaintiff's allegedly unsanitary conditions of confinement during his initial cell placement, Plaintiff has failed to allege sufficient facts to establish that any of the four named Defendants were personally involved in the alleged wrong. Plaintiff's conditions of confinement claim must therefore be dismissed without prejudice at this time. Because all of Plaintiff's claims shall be dismissed, Plaintiff's SAC shall be dismissed without prejudice in its entirety, and Plaintiff shall be granted leave to file a third amended complaint within thirty days.[2]

_____

[2] Since filing his SAC, Plaintiff has not formally sought to further amend or supplement his complaint. Instead, Plaintiff has filed a number of letters which contain commentary on his day-to-day prison life, statements regarding who he believes may be a witness to the events at issue in his complaints, and various new occurrences that he feels may present new claims he may eventually wish to raise. (*See* ECF Nos. 15-16, 18-32). "[N]either Fed. R. Civ. P. 8, which governs pleadings, nor Fed. R. Civ. P. 15, which governs amended and supplemental pleadings, permits [a plaintiff] to submit . . . addenda to his Complaint in . . . piecemeal fashion." *Lewis v. Sessions*, No. 17-5475, 2017 WL 7313822, at *6 (D.N.J. Nov. 3, 2017). Instead, Rule 15 permits a plaintiff to amend his complaint once as a matter of right prior to the service of an answer, and thereafter to amend only with leave of court. *See* Fed. R. Civ. P. 15(a)(1). Because Plaintiff has not sought to formally amend or supplement his complaint via motion, and has already amended his complaint as of right, he may only further amend his complaint with leave of court through the filing of a formal motion to amend. The Court thus does not construe Plaintiff's various letters and addenda to be part of his current complaint. Should Plaintiff choose to file a Third Amended Complaint in light of this Opinion and the accompanying Order, Plaintiff should include all of his claims in a single operative complaint. Plaintiff should be aware, however, that all of his claims must meet proper joinder requirements to the extent he intends to include any claims beyond those discussed in this Opinion; unrelated claims which do not share a common core of fact with those discussed herein will be subject to dismissal for improper joinder.

IV.     **CONCLUSION**

For the reasons expressed above, Plaintiff's SAC (ECF No. 14) is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted. Plaintiff shall be granted leave to file a third amended complaint within thirty days. An order consistent with this Opinion will be entered.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**